IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:20cv00374

| | |
|---|---|
| DEANA HOSIE, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **DEFENDANTS' NOTICE** |
| GPI RESORT HOLDINGS, LLC, | ) **OF REMOVAL** |
| OMNI GROVE PARK, LLC, KSL | ) |
| GPI MANAGEMENT, LLC, and | ) |
| OMNI HOTELS MANAGEMENT | ) |
| CORPORATION, | ) |
| Defendants. | ) |

Defendants GPI Resort Holdings, LLC, Omni Grove Park, LLC, KSL GPI Management, LLC, and Omni Hotels Management Corporation (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files their Notice of Removal of this action to the U.S. District Court for the Western District of North Carolina.

## INTRODUCTION

1. Plaintiff, Deana Hosie ("Plaintiff"), initiated this action on November 16, 2020 by filing this Complaint in the Buncombe County Superior Court. The state court action was assigned civil action number 20-CVS-4094.

2. In her Complaint, Plaintiff alleges she sustained personal injuries on November 17, 2017 after she stumbled over a dark-colored, solid box-shaped object

on the floor at the Omni Grove Park Inn. (Compl. ¶¶ 17-18.)

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

    A.    <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

3.    Removal is timely pursuant to 28 U.S.C. 1446(b) because Defendants' Notice of Removal was made within thirty (30) days of service of the Summons and Complaint upon it. GPI Resort Holdings, LLC was served with the Complaint on November 25, 2020. *See* 28 USCS 1446(b)(2)(c) (codifying the later-served defendant rule); *Barbour v. Int'l Union*, 594 F.3d 315 (4th Cir. 2010) (adopting the "last-served defendant" rule).

4.    The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

5.    The Complaint fails to demand a sum Plaintiff is seeking beyond the $25,000 sum contemplated by North Carolina Rule of Civil Procedure 8(a)(2). (Compl., Prayer for Relief, ¶ 1.) However, 28 U.S.C. §1446 (c)(2) provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 USCS § 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

>  > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>  >  > (i) nonmonetary relief; or
>  >  > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>  > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a) [28 USCS § 1332(a)].

6. Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendants state the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident she sustained personal injuries including "a displaced oblique fracture of the humerus, tearing, swelling, contusion and damage to nearby blood vessels, muscle tissue, nerves, ligaments and other bodily structures." (Compl. ¶ 19.) Plaintiff further claims that as a result of Defendants' alleged negligence, she "suffered tremendous pain and suffering, extensive personal injuries requiring extensive and expensive medical care and treatment over a protracted period of time, permanent injury and partial loss of use of her right arm, scars arid disfigurement, lost wages, [and] permanent diminution in her capacity to earn wages". (Compl. ¶ 20.) In sum, even though the accident occurred more than three years ago, Plaintiff alleges that she continues to suffer both physical and emotional pain and anticipates doing so well into the future.

7. In North Carolina, plaintiffs are prohibited from pleading an exact amount of claimed damages, and thus, a determination of the amount in controversy is not possible from the face of the complaint. *See Lawson v. Tyco Elecs. Corp.*, 286 F. Supp. 2d 639, 641 (M.D.N.C. 2003) (citing N.C. Gen. Stat. § 1A-1, Rule 8(a)(2)). In cases where jurisdiction is predicated on diversity of citizenship, and where a complaint does not allege a specific amount of damages but instead seeks damages "in excess" of a certain dollar figure, the party asserting that jurisdiction exists must prove, by a preponderance of the evidence, that the amount in controversy requirement has been met. *Momin v. Maggiemoo's Int'l L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002); *Gynn v. Wal-mart Stores*, 955 F. Supp. 44, 46 (M.D.N.C. 1996). The Court should infer from Plaintiff's purported damages, including her alleged past, present, and future claims for damages, that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum. Given Plaintiff is now, more than three years after the alleged incident, claiming not only past medical bills and expenses, but also permanent injury, disfigurement, partial loss of use of her arm, and a permanent diminution of her earning capacity well into the future, Plaintiff's allegations weigh in favor of finding the Complaint states an amount in controversy in excess of $75,000.00.[1] *See e.g., Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp.

---

[1] In the alternative, Defendants request leave to conduct limited jurisdictional discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied. *Liesman v. Weisberg*, No. 3:17-CV-00660-MOC-DSC, 2018 U.S. Dist. LEXIS 33122, at *1-2 (W.D.N.C. Mar. 1, 2018) (permitting "limited jurisdictional discovery . . . confined to the issue of the amount in controversy").

2d 62, 65 (D.R.I. 2002) ("The fact that Gabrielle and Rollins each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $ 75,000.00."); *Yocham v. Novartis Pharms. Corp.*, No. 07-1810 (JBS), 2007 U.S. Dist. LEXIS 58938, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) ("[I]t appears from the face of the Complaint that the amount in controversy exceeds $75,000" where the plaintiff alleged a skin condition which resulted in hospitalization at a burn unit and seeking "compensatory damages for 'past, present, and future pain and suffering,' lost earnings, past and future medical expenses and punitive damage."); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *Duchesne v. Am. Airlines, Inc.,* 758 F.2d 27, 28-30 (1st Cir. 1985) (holding that ten months of dizziness and headaches supported claim in excess of $ 10,000 in 1984 dollars despite "negligible" medical expenses); *Evans*, 326 F. Supp. 2d at 221 ("Evans's claims for her own alleged Hepatitis A and the loss of consortium and emotional distress…could be valued at $ 75,000 or more); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010) (concluding that when the value of the plaintiff's claims were

analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of 75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement); *Viens v. Wal-Mart Stores,* Civ. No. 3:96cv02602(AHN), 1997 U.S. Dist. LEXIS 24029, at *1 (D. Conn. 1997) (concluding that the combination of the victim's lost wage claim and her lumbar spine injury claim established that there was a reasonable probability that the amount in controversy exceeds the jurisdictional minimum). In sum, Plaintiff's allegations in her Complaint make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

      B.     <u>There is complete diversity among the parties</u>.

      8.     Upon information and belief, at all relevant times hereto, including at

the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was and still is a resident, citizen and domicile of Middlesex County, New Jersey. (Compl. ¶ 1.)

9. For purposes of diversity of citizenship, "[i]t is now well settled that a limited liability company is 'an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.'" *Cty. of Durham v. Time Warner Entm't Advance Newhouse P'ship*, No. 1:08CV225, 2008 WL 4287943, 2008 U.S. Dist. LEXIS 70759, at *9 (M.D.N.C. Sep. 16, 2008) (citations omitted). At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, defendant GPI Resort Holdings, LLC was a limited liability company with one member: Omni Grove Park, LLC. *See* affidavit of Jeremy Williams, hereinafter "Williams Aff.", Attached hereto as "**Exhibit A**", at ¶ 2.

10. "[A]s with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)). At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Omni Grove Park, LLC was a limited

liability company with one member: OHO Corporation. (Williams Aff., Ex. A, ¶ 3.)

11. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332 (c)(1). At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, OHO Corporation and Omni Hotels Management Corporation were and still are Delaware corporations with their principal place of business in Dallas, Texas. (Williams Aff., Ex. A, ¶ 4.) Thus, at all relevant times hereto, GPI Resort Holdings, LLC, Omni Grove Park, LLC, and Omni Hotels Management Corporation were citizens of the States of Delaware and Texas for purposes of determining diversity.

12. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, KSL GPI Management, LLC was a limited liability company with one member: KSL II Management Holdings, Inc., a Delaware corporation with its principal place of business in California. *See* records from the Office of the Secretary of State, attached hereto as "**Exhibit B**". Therefore, at all relevant times hereto, KSL GPI Management LLC was a citizen of the States of Delaware and California for purposes of determining diversity.

13. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §§

1332 and 1441(b).

    C.    <u>Venue and other requirements are satisfied.</u>

14. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces Buncombe County Superior Court, the forum in which the removed action was pending. *See* 28 U.S.C. § 113(c). Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

15. Defendants are not citizens of the State of North Carolina, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

16. All defendants who have been properly joined and served join in and consent to the removal of this action.

17. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Defendants in the original state court action as of this date are attached hereto as "**Exhibit C**".

18. Pursuant to 28 U.S.C. § 1446(d), Defendants filed a written notice of removal with the Clerk of the Buncombe County Superior Court, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit D**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

Page **9** of **11**

Case 1:20-cv-00374-MR-DSC   Document 1   Filed 12/15/20   Page 9 of 11

19. By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

20. If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Defendants respectfully remove this action to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This the 15th day of December, 2020.

**VAN WINKLE, BUCK, WALL, STARNES AND DAVIS**

*/s/ Stephen B. Williamson*
Stephen B. Williamson, NC Bar #20203
Van Winkle, Buck, Wall, Starnes and Davis
11 N. Market St., Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 255-0255
Email: swilliamson@vwlawfirm.com

C. Stephen Setliff (*pro hac application to follow removal*)
Eli Jason S. Mackey (*pro hac application to follow removal*)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: (804) 377-1260
Facsimile: (804) 377-1280
Email: ssetliff@setlifflaw.com
Email: jmackey@setlifflaw.com

*Attorneys for Defendants GPI Resort Holdings, LLC, Omni Grove Park, LLC, KSL GPI Management, LLC, and Omni Hotels Management Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December 2020, the foregoing document was served by email and first-class mail postage prepaid on the following counsel:

Mark C. Kurdys
NC State Bar # 13374
2358 U.S. Highway 70 – Suite D
Swannanoa, N.C. 28778
Tel. (828) 581-0590
Fax (828) 581-0573
mark@kurdyslaw.com
*Attorney for Plaintiff*

/s/ Stephen B. Williamson
Stephen B. Williamson