# EXHIBIT C



Mark C. Kurdys
Attorney at Law
2358 US Highway 70 - Suite D
Swannanoa, NC 28778
Tel. (828) 581-0590
Fax. 828 581-0573
mark@kurdyslaw.com

November 16, 2020

Corporation Service Company
2626 Glenwood Avenue – Suite 550
Raleigh, NC 27601

BY CERTIFIED USPS MAIL
RETURN RECEIPT REQUESTED

**Re: HOSIE v GPI Resort Holdings LLC et al**
     **Buncombe County   20 CVS 4094**

Ladies and Gentlemen,

I enclose in service upon you as registered agent in North Carolina for **OMNI Grove Park LLC**, a Delaware limited liability company with its principal offices located at 4001 Maple Avenue, Suite 600, Dallas, Texas 75219-3241, a filed complaint, a civil summons issued by the Clerk of Superior Court in Buncombe County and a set of interrogatories and requests for production directed to that Defendant in connection with the above-referenced matter.

Thank you for your assistance in this matter. Do not hesitate to contact me if you have any questions.

Very truly yours,

Mark C. Kurdys

MCK / Encl.

| STATE OF NORTH CAROLINA | File No. 20 CVS 4094 |
|---|---|
| BUNCOMBE County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |  |
|---|---|
| Deana Hosie | |
| Address | **CIVIL SUMMONS** |
| c/0 2358 US Highway 70- Suite D | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Swannanoa, NC 28778 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| GPI RESORT HOLDINGS, LLC, OMNI GROVE PARK LLC, KSL GPI MANAGEMENT LLC, AND OMNI HOTELS MANAGEMENT CORPORATION | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| GPI Resort Holdings LLC<br>c/o Corporation Service Company, Registered Agent<br>2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608 | OMNI Grove Park LLC<br>c/o Corporation Service Compnay, Registered Agent<br>2626 Glenwood Avenue, Suite 550 Raleigh, NC 27608 |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days, You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Mark C. Kurdys<br>2358 US Highway 70 - Suite D<br>Swannanoa NC 28778 | 11-16-2020 | 4:43 ☐ AM ☒ PM |
| | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA　　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
COUNTY OF BUNCOMBE　　　　　　　　FILE NO. 20-CVS-CV 04094

DEANA HOSIE,
Plaintiff

FILED
2020 NOV 16 P 4:43
BUNCOMBE COUNTY, C.S.C.
BY_____

**COMPLAINT**

-vs-

GPI RESORT HOLDINGS, LLC, OMNI
GROVE PARK LLC, KSL GPI
MANAGEMENT LLC, AND OMNI
HOTELS MANAGEMENT
CORPORATION,
Defendants

　　　NOW COMES the Plaintiff Deana Hosie, by and through her undersigned attorney, and for her Complaint against the Defendants alleges and says:

1. Plaintiff is a citizen and resident of Middlesex County, New Jersey.

2. Defendant GPI Resort Holdings LLC, on present information and belief, is a Delaware limited liability company authorized to do business in North Carolina with its principal office in Dallas, Texas and its principal place of business in Asheville, North Carolina.

3. Defendant OMNI Grove Park LLC, on present information and belief, is a Delaware limited liability company authorized to do business in North Carolina with its principal office in Dallas, Texas and its principal place of business in Asheville, North Carolina.

4. Defendant KSL GPI Management LLC, on present information and belief, is a Delaware limited liability company which is was at all relevant times authorized to do business in North Carolina with its principal office in LaQuinta, California and principal place of business in Asheville, North Carolina.

5. Defendant OMNI Hotels Management Corporation, on present information and belief, is a Delaware corporation authorized to do business in North Carolina and having its principal office and principal place of business in Dallas, Texas.

6. Upon present information, Defendant GPI Resort Holdings LLC is a wholly-owned subsidiary of and is managed by Defendant OMNI Grove Park LLC.

7. Defendants GPI Resort Holdings LLC and /or OMNI Gove Park LLC own the premises located in the City of Asheville, Buncombe County, North Carolina commonly known and doing

1.

business as the Grove Park Inn, the OMNI Grove Park Inn and/ or the OMNI Grove Park Inn and Resort.

8. Defendants GPI Resort Holdings LLC and /or OMNI Grove Park LLC at all relevant times had a non-delegable duty to guests and invitees of the OMNI Grove Park Inn, including the Plaintiff, to keep that premises free of and to refrain from the creation of unreasonably dangerous conditions on those portions of the premises of the OMNI Grove Park Inn where guests and invitees could and should, in the exercise of reasonably and ordinary care. be reasonably foreseen to be located, whether as overnight guests, conference or meeting attendees, diners, sightseers or for any other lawful reason to be upon the premises.

9. Defendants KSL GPI Management LLC and/or OMNI Hotels Management Corporation managed the hospitality operation of the OMNI Grove Park Inn including general oversight of hotel lodging, dining, conference, meeting, exhibit , spa, shopping and all other activities and business located on the premises and had primary day to day operation, management and oversight of all common areas of the premises of the OMNI Grove Park Inn.

10. Defendants KSL GPI Management LLC and/or OMNI Hotels Management Corporation at all relevant times had a non-delegable duty to guests and invitees of the OMNI Grove Park Inn , including the Plaintiff, to keep the common areas that premises free of and to refrain from the creation of unreasonably dangerous conditions on those portions of the premises of the OMNI Grove Park Inn where guests and invitees could and should, in the exercise of reasonably and ordinary care. be reasonably foreseen to be located, whether as overnight guests, conference or meeting attendees, diners, sightseers or for any other lawful reason to be upon the premises.

11. Plaintiff and three companions dined at the Blue Ridge Dining Room in the OMNI Grove Park Inn in Asheville, Buncombe County , North Carolina on the early evening of November 17, 2017.

12. While dining, one of Plaintiff's dining companions announced that she was suddenly feeling very ill and needed assistance to get to the nearest ladies' bathroom.

13. Plaintiff offered to assist her ill dining companion to the nearest ladies' bathroom.

14. After exiting the Blue Ridge Dining Room and starting down the interior common hallway of the OMNI Grove Park Inn, Plaintiff's ill companion indicated to the plaintiff that she felt like she was about to pass out and needed to sit down.

15. Plaintiff, with significant effort, guided her ill companion to the nearest available chair she could spot, which was in a dining /cocktail area in an alcove off the main hallway.

16. The alcove was very dimly lit in comparison to the brightly lit main hallway and had several tables set with chairs or stools and table settings.

17. After Plaintiff's companion was lowered to the chair, she advised Plaintiff that she felt like she was going to vomit at any moment and asked Plaintiff to find her a napkin or catchment basin of some sort as soon as possible.

2

18. Plaintiff rose from her position of squatting beside/ hunching over the ill companion, saw a napkin on a nearby table, turned and started toward that table and, as she started in the direction of that table, Plaintiff immediately stumbled over a dark-colored, solid box-shaped object on the floor, causing the Plaintiff to lurch forward and fall headlong into a large pillar.

19. Upon striking the pillar with no means to slow or break her fall, Plaintiff sustained immediate and serious injury to her right arm ; including a displaced oblique fracture of the humerus, tearing, swelling, contusion and damage to nearby blood vessels, muscle tissue, nerves, ligaments and other bodily structures.

20. As the direct, proximate and foreseeable result of her injuries sustained in stumbling over the dark object on the floor of the dimly lit dining /cocktail alcove outside the Blue Ridge Dining Room, Plaintiff suffered tremendous pain and suffering, extensive personal injuries requiring extensive and expensive medical care and treatment over a protracted period of time, permanent injury and partial loss of use of her right arm, scars and disfigurement, lost wages, permanent diminution in her capacity to earn wages, all in an amount in excess of Twenty Five Thousand Dollars.

21. The Defendants ,through their employees and agents acting within the course and scope of their employment or agency, were negligent in one or more of the following ways:

a) they failed to conduct reasonable and timely inspections of the portions of the OMNI Grove Park Inn which were both open to guest and intentionally designed to attract and invite guests to enter to identify unreasonably dangerous, latent and non-obvious conditions;
b) they failed to take reasonable and timely steps to correct latently, non-obvious and unreasonably dangerous conditions of or on the premises of the OMNI Grove Park Inn which guests could not reasonably identify or anticipate;
c) they placed, caused to be placed or allowed to be placed and remain in place on the floor of the dining /cocktail alcove a dark-colored, box-shaped object of such size, color and location that Plaintiff and other guests could not, in the exercise of reasonable diligence, identify that object on the floor of the dimly-lit alcove;
d) they placed tables and chairs in the dining / cocktail alcove in such a fashion as to obscure from the Plaintiff and all other guests the dark-colored box-shaped object on the floor of the dimly lit dining /cocktail alcove
e) they placed or allowed to remain in place on the floor of the dining /cocktail alcove, in close proximity to the dining set ups in that alcove, a dark-colored box-shaped object of such size and weight as could and in the exercise of reasonable and ordinary care would be foreseen to be a dangerous hazard to guests.
f) The failed to provide or require the use of adequate lighting in the dining /cocktail alcove such that guests entering that area from the brightly lit main hallway would be able to identify hazards such as, but limited to, the dark-colored box-shaped object on the floor.

22. The negligence of the defendant was the direct and proximate cause of Plaintiff's injuries.

3

WHEREFORE, the Plaintiff Deana Hosie respectfully prays unto the Court for relief as follows:

1. That Plaintiff Barr have and recover judgment against the Defendants, jointly and severally, for damages in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00 USD), together with interest until satisfied.

2. That the costs of this matter be assessed against the Defendants.

3. That there be trial by jury. And

4. That the court award the Plaintiff such other and further relief as may be just and proper.

THIS 16 day of November, 2020.

_____
MARK C. KURDYS
NC State Bar #13374
2358 U.S. Highway 70 Suite D
Swannanoa, N.C. 28778
Tel. (828) 581-0590
Fax (828) 581-0573
mark@kurdyslaw.com
*Attorney for Plaintiff*

4