# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:20-CV-00374-MR-DSC

| | |
|---|---|
| **DEANA HOSIE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **OMNI HOTELS MANAGEMENT** | ) |
| **CORPORATION et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendants' Motion for Sanctions" (document #30) as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

The Court has carefully reviewed the Motion, as well as the record and authorities. For the reasons stated in Defendants' briefs, the Court respectfully recommends that the Motion be **GRANTED** and sanctions imposed as discussed below.

On June 2, 2021, Defendants filed their "Motion to Compel" (document #24). After the Motion had been fully briefed, on July 6, 2021, this Court granted in part and denied in part Defendant's Motion to Compel. See "Order" (document #28). Specifically, the Court ordered that:

> 1. "Defendants' Motion to Compel" is granted in part and denied in part. Plaintiff shall serve complete supplemental responses to Defendants' interrogatories and produce all responsive medical records or other documents. Responses shall be served within fifteen days of this Order. If Plaintiff contends that any responsive

documents have already been produced, she shall state that fact in a verified discovery response.

2. Defendants' request for sanctions is denied without prejudice to re-filing in the event Plaintiff does not comply with this Order.

Document #28 at 2.

In their present Motion, Defendants credibly assert that Plaintiff has not fully complied with the Court's Order and has not made complete supplemental responses. Defendants seek sanctions under Rule 37(b)(2) and Rule 41(b) as well as pursuant to the Court's inherent powers. See Fed. R. Civ. P. 37(b)(2) (sanctions for failing to obey discovery order); Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (court's inherent powers). Plaintiff's continued non-compliance raises an issue of bad faith. Sanctions are appropriate for violations of this Court's Order compelling discovery responses (document #15). See Rabb v. Amatex Corp., 769 F.2d 996, 999 (4th Cir. 1985) (Rule 37(b) sanctions apply to orders compelling discovery responses and "any order to provide or permit discovery" including pretrial orders).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion for Sanctions" (document #30) be **GRANTED** and that sanctions be imposed as determined by the District Judge.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel, and to the Honorable Martin Reidinger.

**SO ORDERED AND RECOMMENDED.**

Signed: September 16, 2021

David S. Cayer
United States Magistrate Judge