# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-CV-00374-MR-DSC

| | |
|---|---|
| DEANA HOSIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| OMNI HOTELS MANAGEMENT ) | |
| CORPORATION et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Sanctions [Doc. 30], the Magistrate Judge's Memorandum and Recommendation [Doc. 34] regarding the disposition of that motion, the Plaintiff's "Objection and Appeal from Magistrate's Memorandum and Recommendation for Sanctions" [Doc. 36], the Plaintiff's "Motion to Reopen Discovery and Extend Discovery and Motions Deadlines" [Doc. 37], and the Plaintiff's "Motion in the Alternative to Voluntarily Dismiss her Actio[n] with Leave to Refile." [Doc. 39].

## I. BACKGROUND

On, November 16, 2020, the Plaintiff Deana Hosie ("Plaintiff") initiated this action in the Superior Court of Buncombe County. [Doc. 1-3 at 5]. In her Complaint, the Plaintiff alleges that she was injured after she "stumbled over a dark-colored, solid box-shaped object on the floor" of a dimly lit alcove of the OMNI Grove Park Inn in Asheville, North Carolina. [Id. at 7]. As a result, the Plaintiff alleges that she "suffered tremendous pain and suffering, extensive personal injuries requiring extensive and expensive medical care and treatment over a protracted period of time, permanent injury and partial loss of use of her right arm, scars and disfigurement, lost wages, [and] permanent diminution in her capacity to earn wages." [Id.]. The Plaintiff further alleges that her injuries were the result of negligence on the part of the Defendants, GPI Resort Holdings LLC, OMNI Grove Park LLC, KSL GPI Management LLC, and OMNI Hotels Management Corporation (collectively "Defendants"). [Id.].

On December 15, 2020, the Defendants filed a Notice of Removal removing this action to the Western District of North Carolina. [Doc. 1]. On January 13, 2021, this Court issued a Pretrial Order and Case Management Plan setting a Rule 26 disclosures deadline of January 26, 2021, a discovery

deadline of September 14, 2021, and a dispositive motions deadline of October 14, 2021. [Doc. 8].

After this action was removed, Plaintiff's counsel sent requests under the Health Information Technology for Economic and Clinical Health ("HITECH") Act to the Plaintiff's health care providers requesting her medical records. [Doc. 38 at 2]. Plaintiff's counsel sent the first of these requests on December 28, 2020 and sent additional requests every quarter after receiving no response from some of the Plaintiff's providers. [Id.]. As of the Plaintiff's most recent filings on October 25, 2021, the Plaintiff has been able to obtain medical records from some, but not all, of her providers. [See Doc. 44 at 1-3].

On March 12, 2021, the Defendants served interrogatories on the Plaintiff and requested that the Plaintiff produce medical records referenced in her Rule 26 initial disclosures. [See Docs. 19, 24]. The Plaintiff was granted an additional 30 days to respond by May 11, 2021. [Text Order entered Apr. 12, 2021]. The Plaintiff failed to produce complete responses by this deadline.

On April 20, 2021, the Defendants moved to extend the expert designation deadline. [Doc. 20]. The Court granted this extension and set

a new discovery deadline of October 14, 2021. [Text Order entered Apr. 21, 2021].

On June 2, 2021, the Defendants moved to compel the Plaintiff to provide complete responses to the Defendants' interrogatories and to produce the Plaintiff's medical records. [Doc. 24]. The Defendants also moved for sanctions, requesting that the Plaintiff "be barred from relying on medical records or documents which are not timely produced to support her claims at trial." [Doc. 25 at 11]. On July 6, 2021, the Honorable David S. Cayer, United States Magistrate Judge, ordered that the "Plaintiff shall serve complete supplemental responses to Defendants' interrogatories and produce all responsive medical records or other documents" by July 21, 2021 and denied the Defendants' request for sanctions "without prejudice to re-filing in the event Plaintiff does not comply with this Order." [Doc. 28 at 2]. The Plaintiff failed to meet this deadline.

On August 23, 2021, the Defendants again moved for sanctions against the Plaintiff, seeking dismissal of the Plaintiff's action because the Plaintiff failed to comply with the Court's July 6, 2021 Order. [Doc. 30, Doc. 31]. Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, Judge Cayer was designated to consider the Defendants' Motion for Sanctions and submit a recommendation for its disposition. On

September 16, 2021, the Magistrate Judge issued a Memorandum and Recommendation recommending that sanctions be imposed against the Plaintiff "as determined by the District Judge." [Doc. 34 at 2]. On September 30, 2021, the Plaintiff filed an "Objection and Appeal from Magistrate's Memorandum and Recommendation for Sanctions." [Doc. 36].

After the Magistrate Judge issued his Memorandum and Recommendation, the Plaintiff filed a "Motion to Reopen Discovery and Extend Discovery and Motions Deadlines" ("Motion to Reopen Discovery") [Doc. 37] and a "Motion in the Alternative to Voluntarily Dismiss her Actio[n] with Leave to Refile" ("Motion to Voluntarily Dismiss") [Doc. 39] on October 2, 2021. The Defendants oppose the Plaintiff's motions. [Doc. 42; Doc. 43]. On October 9, 2021, the Court extended the dispositive motions deadline to seven days after the Court rules on the Plaintiff's pending Motion to Reopen Discovery and Motion to Voluntarily Dismiss. [Text Order entered Oct. 9, 2021].

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). "The district judge may accept, reject, or modify the

findings or recommendations and may, but is not required to, receive further evidence."  Blue Ridge Public Safety, Inc. v. Ashe, 712 F. Supp. 2d 440, 446 (W.D.N.C. Apr. 30, 2010).  In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

### III. DISCUSSION

The Defendants' Motion for Sanctions seeks dismissal of the Plaintiff's action under Rule 37(b)(2) and Rule 41(b) of the Federal Rules of Civil Procedure, as well as the inherent power of the Court, "for her failure to comply with this Court's July 6, 2021 Order on Defendants' Motion to Compel."  [Doc. 30 at 1].  The Defendants argue that dismissal is warranted, in part, because "at this point in the litigation, no alternative sanction of a less drastic nature would be effective to deter the [P]laintiff's undisguised contempt for the discovery process or to ensure future compliance with the orders of the Court."  [Doc. 33 at 8].  The Defendants also assert that they are entitled to "costs associated with filing the Motion to Compel, this Motion for Sanctions, and their futile attempts to obtain relevant documents and information from the [P]laintiff."  [Doc. 31 at 23].

The Magistrate Judge recommended that the Defendants' Motion for Sanctions be granted and "that sanctions be imposed as determined by the District Judge" because the Plaintiff's "continued non-compliance raises an issue of bad faith." [Doc. 34 at 2]. The Plaintiff raises two objections to the Memorandum and Recommendation. First, the Plaintiff "objects to the [Memorandum and Recommendation] for lack of sufficient basis for the imposition of sanctions or the identification of appropriate sanction." [Doc. 36 at 1]. Second, the Plaintiff objects to the Magistrate Judge's conclusion that the Plaintiff acted in bad faith because "no conduct of Plaintiff or Plaintiff's counsel is identified as illustrative or even suggestive of possible bad faith." [Id. at 4]. In light of the Magistrate Judge's recommendation to impose sanctions "as determined by the District Judge" and because the Defendants seek dismissal of the Plaintiff's Complaint, the Court will, out of an abundance of caution, review the record as a whole to determine whether a drastic sanction like dismissal is warranted in this case.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f [a] plaintiff fails to prosecute or comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, Rule 37 provides that where a party fails to obey a discovery order the Court may issue such "just orders" as may be appropriate, including but

7

not limited to "prohibiting the disobedient party from . . . introducing designated matters into evidence" and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court has broad discretion to impose sanctions on a party who fails to comply with the Court's discovery orders. Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). When the sanction to be imposed is dismissal of an action, however, "the range of discretion is more narrow than when a court imposes less severe sanctions." Id. (internal quotation marks and citation omitted). The Fourth Circuit established four factors for courts to consider before dismissing an action as a sanction:

(1) whether the noncomplying party acted in bad faith;

(2) the amount of prejudice [her] noncompliance caused [her] adversary, which necessarily includes an inquiry into the materiality of the evidence [she] failed to produce;

(3) the need for deterrence of the particular sort of noncompliance; and

(4) the effectiveness of less drastic sanctions.

Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-06 (4th Cir. 1977)). "Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Id.

Here, Plaintiff's counsel provided only incomplete supplemental discovery responses by the July 21, 2021 deadline imposed by the Court, and some of the requested medical records that Plaintiff's counsel did ultimately produce were not provided to the Defendants until October, months after the July deadline had passed. [See Doc. 44-1 at 1-2]. Plaintiff's counsel asserts that the Plaintiff's health care providers have not responded to numerous requests for the Plaintiff's medical records. [Doc. 36 at 2]. However, Plaintiff's counsel offers no explanation as to why he could not move to compel production of the Plaintiff's medical records during the discovery period or why he waited three months between sending additional HITECH Act requests. As a result of the lack of diligence from Plaintiff's counsel, the Defendants have incurred unnecessary legal costs attempting to obtain discovery responses from Plaintiff's counsel. The Federal Rules of Civil Procedure are designed to ensure "the just, speedy, and inexpensive

9

determination of every action and proceeding." Fed. R. Civ. P. 1. This goal is thwarted when a party fails to comply with the discovery deadlines imposed by the Court.

Despite the failure of Plaintiff's counsel to meet discovery deadlines in this case, the Court will not punish the Plaintiff for the behavior of her attorney. Accordingly, the Court hereby rejects the Magistrate Judge's recommendation to impose sanctions against the Plaintiff, and the Plaintiff's Objections are overruled as moot. The Court will dismiss this action without prejudice such that the Plaintiff may finish collecting her medical records before refiling this action. The Court also directs the Defendants to prepare a bill of costs incurred during this litigation, including costs incurred for the preparation of the Defendants' Motion to Compel and Motion for Sanctions, so that, in the event that the Plaintiff refiles this action in the future, the Court may, at its discretion, order the Plaintiff to pay all or part of the costs of this proceeding pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.

The Court admonishes Plaintiff's counsel that in the future he will be expected to comply strictly with all deadlines. The Court further admonishes Plaintiff's counsel not to rely on a presumption that the Court will be similarly lenient in the future.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Memorandum and Recommendation [Doc. 34] is **REJECTED**;

(2) The Defendants' Motion for Sanctions [Doc. 30] is **DENIED**;

(3) The Plaintiff's "Objection and Appeal from Magistrate's Memorandum and Recommendation for Sanctions" [Doc. 36] is **OVERRULED** as moot;

(4) The Plaintiff's "Motion to Reopen Discovery and Extend Discovery and Motions Deadlines" [Doc. 37] is **DENIED**; and

(5) The Plaintiff's "Motion in the Alternative to Voluntarily Dismiss her Actio[n] with Leave to Refile" [Doc. 39] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendants are **DIRECTED** to prepare a bill of costs incurred during this litigation.

**IT IS SO ORDERED.**

Signed: December 8, 2021

Martin Reidinger
Chief United States District Judge