# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-CV-00374-MR-DSC

| | |
|---|---|
| DEANA HOSIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| OMNI HOTELS MANAGEMENT ) | |
| CORPORATION et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Attorney's Fees. [Doc. 47].

## I. BACKGROUND

On November 16, 2020, the Plaintiff Deana Hosie ("Plaintiff") initiated this action against GPI Resort Holdings, LLC, Omni Grove Park, LLC, KSL GPI Management, LLC, and Omni Hotels Management Corporation (collectively "Defendants") in the Superior Court of Buncombe County. [Doc. 1-3 at 5]. On December 15, 2020, the Defendants removed this action to the Western District of North Carolina. [Doc. 1]. On June 2, 2021, the Defendants moved to compel the Plaintiff to produce medical records and

other discovery responses. [Doc. 24]. On July 6, 2021, the Honorable David S. Cayer, United States Magistrate Judge, ordered the Plaintiff to produce her medical records and supplemental discovery responses. [Doc. 28]. On August 23, 2021, the Defendants moved for sanctions against the Plaintiff, seeking dismissal of the Plaintiff's action and attorney's fees under Federal Rule of Civil Procedure 37 after she failed to comply with the Court's July 6, 2021 Order. [Docs. 30, 31]. On September 16, 2021, the Magistrate Judge issued a Memorandum and Recommendation recommending that sanctions be imposed against the Plaintiff "as determined by the District Judge." [Doc. 34 at 2]. The Plaintiff filed an "Objection and Appeal from Magistrate Judge's Memorandum and Recommendation for Sanctions." [Doc. 36].

The Plaintiff also moved to reopen discovery and extend discovery and motions deadlines or, in the alternative, to voluntarily dismiss her action without prejudice. [Docs. 37, 39]. On December 8, 2021, this Court entered an Order rejecting the Magistrate Judge's Memorandum and Recommendation, denying the Defendants' Motion for Sanctions, and dismissing the Plaintiff's action without prejudice "such that the Plaintiff may finish collecting her medical records before refiling this action." [Doc. 46 at 10]. The Court's December 8, 2021 Order further stated that:

> The Court also directs the Defendants to prepare a bill of costs incurred during this litigation, including

2

> costs incurred for the preparation of the Defendants' Motion to Compel and Motion for Sanctions, so that, in the event that the Plaintiff refiles this action in the future, the Court may, at its discretion, order the Plaintiff to pay all or part of the costs of this proceeding pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.

[Id.]. On April 5, 2022, the Defendants filed a Motion for Attorney's Fees, as well as timesheets, requesting that "the Court consider the motion and order the Plaintiff to pay the herein described fees upon the refiling of this action."[1] [Doc. 47 at 2]. At present, the Plaintiff has not refiled this action.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(d) provides that:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) *may order the plaintiff to pay all or part of the costs of that previous action*; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d) (emphasis added). "Rule 41(d) does not provide for an award of attorney's fees as a matter of right." Andrews v. Am.'s Living Ctrs.,

---

[1] Notably, the Defendants do not seek attorney's fees pursuant to Federal Rule of Civil Procedure 54, which contemplates an award of attorney's fees to a prevailing party following the entry of a judgment, as alluded to by Plaintiff's counsel. [See Doc. 49]. Rather, the Defendants have filed their Motion for Attorney's Fees pursuant to the Court's December 8, 2021 Order. [See id.; see also Doc. 47].

3

LLC, 827 F.3d 306, 311 (4th Cir. 2016). However, a court may, at its discretion, award attorney's fees under Rule 41(d) "where the underlying statute provides for attorney's fees" or the court "makes a specific finding that the plaintiff has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. (quoting Alyseka Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59, 95 S. Ct. 1612, 44 L.Ed.2d 141 (1975)). A plaintiff acts in bad faith where she fails to respond to discovery requests and fails to comply with a court's order compelling discovery. See Daye v. General Motors Corp., 172 F.R.D. 173, 177 (M.D.N.C. 1997); see also Nieves v. Rreal Image, Inc., No. 1:19-cv-1333, 2020 WL 2858808, at *3 (E.D. Va. May 15, 2020); Progressive Minerals, LLC v. Rashid, No. 5:07-cv-108, 2009 WL 2761295, at *4 (N.D.W. Va. Aug. 28, 2009); Woodard-Charity v. Kaiser Found. Health Plan, No. PWG-11-3555, 2013 WL 3863935, at *3 (D. Md. July 23, 2013).

## III. DISCUSSION

The Defendants seek $19,571 in attorney's fees associated with the parties' discovery dispute in this matter in the event that the Plaintiff refiles this action. [Doc. 47 at 4]. Here, Plaintiff's counsel did not provide complete discovery responses by the July 21, 2021 deadline in the Magistrate Judge's Order compelling the Plaintiff to produce her medical records and

4

supplemental discovery responses. Further, while Plaintiff's counsel did ultimately produce some of the medical records requested by the Defendants, those records were not produced until October, months after the Court's July 21, 2021 deadline had passed. [Doc. 44-1]. The lack of diligence from Plaintiff's counsel in producing requested discovery materials and the failure of Plaintiff's counsel to comply with the Court's July 6, 2021 Order provide a sufficient basis to support a finding and conclusion that an award of attorney's fees upon the refiling of this action is appropriate in this case per Rule 41(d). Accordingly, the Court will determine whether the amount of fees requested by the Defendants is reasonable.

"The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). The burden is on the fee applicant to justify the reasonableness of the requested amount of a fee award. See Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984). In exercising its discretion in the application of this lodestar method, the Court is guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the

instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). "Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable." Firehouse Rest. Grp., Inc., Scurmont LLC, No. 4:09-cv-00618-RBH, 2011 WL 4943889, at *12 (D.S.C. Oct. 17, 2011) (citing EEOC v. Serv. News Co., 898 F.2d 958, 965 (4th Cir. 1990)).

### 1. Time and Labor Expended

The Court begins its lodestar analysis with considering the time and labor expended by the Defendants' attorneys. "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" Doe v. Kidd, 656 F. App'x 643, 656 (4th Cir. 2016) (quoting in part Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)).

According to the timesheets submitted by the Defendants, the Defendants' attorneys expended 111.3 hours on litigation related to this discovery dispute with the Plaintiff, including on the preparation of the Defendants' Motion to Compel and Motion for Sanctions, over a period of six months. [Doc. 47-1]. The timesheets reflect hours expended by five attorneys: Allison Faith Rienecker, Charles Stephen Setliff, and E. Jason S. Mackey, as well as "CWH" and "KTS," whose names do not appear in the Court's electronic filing system.[2] [See id.]. Upon careful review of the record in this matter and counsels' timesheets, the Court finds some of the hours claimed by the Defendants' attorneys to be redundant and excessive.

The Defendants claim 22.2 hours in the preparation of their Motion to Compel and their memorandum in support of the Motion to Compel, [see id. at 14-16, 20-21 (entries of 5/13/21, 5/17/21-5/19/21, 6/2/21)], as well as an additional 6.9 hours in the preparation of their reply brief, [see id. at 22, 24 (entries of 6/15/21-6/16/21, 6/24/21)]. These figures include time spent reviewing the record, performing legal research, and drafting the Defendants' briefs. Attorneys Setliff, Rienecker, and "KTS" expended 15.6 hours drafting the Motion to Compel and the supporting memorandum, and Attorneys Setliff

---

[2] The Defendants do not explain why time is claimed for "CWS" and "KTS" when they are not attorneys of record in this matter.

7

and Rienecker expended an additional 3.4 hours drafting the reply brief. [See id. at 14-16, 20-22, 24 (entries of 5/13/21, 5/17/21-5/19/21, 6/2/21, 6/15/21-6/16/21, 6/24/21)]. This is an excessive amount of time to be spent on documents of this nature. This matter did not involve complex discovery issues but rather a straight forward application of the Federal Rules of Civil Procedure. Further, the scope of potential discovery in this case, which arose from the Plaintiff's trip and fall at the Omni Grove Park Inn, [see Doc. 1-3 at 5-8], was limited compared to the voluminous records characteristic of complex civil litigation. Accordingly, the Court will deduct the following from the time claimed with regard to the Motion to Compel and the supporting memorandum: 6 hours from the time claimed by Attorney Rienecker, 1.7 hours claimed by Attorney Setliff, and 9.5 hours claimed by Attorney "KTS." The Court will further deduct the following from the time claimed with regard to the reply brief: 2.7 hours from the time claimed by Attorney Rienecker and 1.2 hours from the time claimed by Attorney Setliff.

Attorneys Setliff, Mackey, and "CWH" also claim an additional 3.4 hours in reviewing and revising drafts of the Motion to Compel and supporting memorandum, and Attorney Mackey claims an additional 0.6 hour in reviewing and revising a draft of the reply brief. [See Doc. 47-1 at 3, 16, 24 (entries of 4/12/21, 5/21/21, 6/24/21)]. The Court finds the amount of

time spent by Attorneys Setliff, Mackey, and "CWH" in reviewing the work of their co-counsel to be redundant. Accordingly, the Court will deduct the following from the time claimed with regard to reviewing and revising drafts of the Motion to Compel, the supporting memorandum, and the reply brief: 1.2 hours from the time claimed by Attorney Setliff, 1.4 hours from the time claimed by Attorney Mackey, and 1.4 hours from the time claimed by Attorney "CWH."

The Defendants' attorneys also expended 21.7 hours in the preparation of their Motion for Sanctions and their memorandum in support of the Motion for Sanctions, [see id. at 30, 32-35 (entries of 7/26/21-7/28/21, 8/2/21, 8/4/21-8/5/21, 8/13/21, 8/23/21)], as well as an additional 9.8 hours in the preparation of their reply brief, [see id. at 37-39 (entries of 9/8/21, 9/10/21, 9/13/21-9/15/21)]. These figures include time spent reviewing the record, performing legal research, and drafting the Defendants' briefs. Attorney Rienecker expended 11 hours drafting the Motion for Sanctions and the supporting memorandum, and Attorneys Rienecker and Setliff expended 5.8 hours drafting the reply brief. [See id. at 30, 32-33, 35, 37-38 (entries of 7/27/21, 8/4/21, 8/5/21, 8/23/21, 9/10/21, 9/13/21-9/15/21)]. For the same reasons the Court articulated in its analysis regarding the time expended in the preparation of the Defendants' Motion to Compel and related filings, the

9

Court concludes that this is an excessive amount of time to be spent on the Defendants' Motion for Sanctions and supporting briefs. Accordingly, the Court will deduct the following from the time claimed with regard to the Motion for Sanctions and the supporting memorandum: 14.2 hours from the time claimed by Attorney Rienecker. The Court will further deduct the following from the time claimed with regard to the reply brief: 4.5 hours from the time claimed by Attorney Rienecker and 1.3 hours from the time claimed by Attorney Setliff.

Further, Attorney Setliff expended an additional 2.6 hours in reviewing and revising drafts of the Motion for Sanctions and supporting memorandum as well as an additional hour in reviewing and revising a draft of the reply brief. [See id. at 32, 34, 38 (entries of 8/3/21, 8/16/21, 9/14/21)]. The Court finds the amount of time spent by Attorney Setliff in reviewing the work of his co-counsel to be redundant. Accordingly, the Court will further deduct a total of 3.6 hours from the time claimed by Attorney Setliff.

The Defendants also claim 4.6 hours in reviewing the Plaintiff's motion for an extension of time to respond to the Defendants' discovery requests, the Plaintiff's response opposing the Defendants' Motion to Compel, and the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation. [See id. at 3-4, 22-23, 37, 40 (entries of 4/12/21, 4/14/21,

10

6/17/21, 9/8/21, 9/30/21)]. The Defendants' attorneys expended the following hours in reviewing the Plaintiff's motion for an extension of time to respond to the Defendants' discovery requests: 0.5 hour claimed by Attorney Rienecker for reviewing the motion for an extension of time, 0.6 hour claimed by Attorney Setliff for reviewing and responding to the motion for an extension of time, and an additional 0.4 hour claimed by Attorney "CWH" for reviewing the motion for an extension of time. [See id. at 3-4 (entries of 4/12/21, 4/14/21)]. The Defendants' attorneys also expended the following hours in reviewing the Plaintiff's response opposing the Motion to Compel: 0.5 hour claimed by Attorney Mackey, as well as an additional 0.7 hour claimed by Attorney Rienecker and an additional 0.3 hour claimed by Attorney "CWH." [See id. at 22-23 (entries of 6/17/21)]. Further, the Defendants' attorneys expended the following hours in reviewing the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation: 0.4 hour claimed by Attorney Mackey and an additional 1.2 hours claimed by Attorney Rienecker. [See id. at 40 (entry of 9/30/21)]. The Court finds some of the hours claimed by the Defendants' attorneys in reviewing these documents to be duplicative. Accordingly, the Court will deduct the following from the hours claimed by the Defendants: 0.4 hour claimed by Attorney "CWH" for reviewing the Plaintiff's motion for an

11

extension of time, 0.7 hour claimed by Attorney Rienecker and 0.3 hour claimed by Attorney "CWH" for reviewing the Plaintiff's response to the Motion to Compel, and 1.2 hours claimed by Attorney Rienecker for reviewing the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation.

The Defendants also claim 10.9 hours in reviewing the Plaintiff's initial disclosures, medical records, and first, second, and third supplemental discovery responses. [See id. at 2, 22-23, 29, 32, 34, 38 (entries of 4/6/21, 6/17/21, 7/22/21, 8/2/21, 8/12/21, 8/14/21, 9/15/21)]. Attorney Rienecker expended 0.4 hour reviewing the Plaintiff's initial disclosures, [see id. at 2 (entry of 4/6/21)], 2.6 hours reviewing 259 pages of medical records obtained by the Defendants from Dr. Lopez, [see id. at 22 (entry of 6/17/22)], 1.8 hours rereviewing medical records from Dr. Lopez reproduced by the Plaintiff, [see id. at 32 (entry of 8/2/21)], 1.6 hours reviewing the Plaintiff's first set interrogatory answers and response to the Defendants' requests for documents, [see id. at 23 (entry of 6/17/21)], 1.2 hours reviewing the Plaintiff's supplemental discovery responses and document production, [see id. at 29 (entry of 7/22/21)], 0.6 hour reviewing the Plaintiff's supplemental interrogatory responses, [see id. at 34 (entry of 8/12/21)], 0.5 hour reviewing the Plaintiff's second supplemental discovery responses, [see id. at 38 (entry

12

of 9/15/21)], and 0.3 hour reviewing the Plaintiff's third supplemental discovery responses, [see id. at 38 (entry of 9/15/21)]. Further, Attorney "CWH" expended 1.9 hours reviewing 523 pages of documents ultimately produced by the Plaintiff. [See id. at 34 (entry of 8/14/21)]. Here, the parties were clearly engaged in a contentious discovery dispute, and the Plaintiff produced multiple sets of supplemental responses that required review by the Defendants' attorneys. However, the Court finds some of the hours expended by the Defendants' attorneys to be excessive given the limited nature of the Plaintiff's discovery responses and the relatively limited scope of discovery in this case. Moreover, the review of discovery is primarily for the purpose of preparing the case, not discovery or sanctions motions. As such, a substantial portion of this review time would not fall within the scope of an allowable recovery. Accordingly, the Court will deduct the following hours claimed by the Defendants: 2 hours claimed by Attorney Rienecker for reviewing and rereviewing the Plaintiff's medical records from Dr. Lopez, 0.6 hour claimed by Attorney Rienecker for reviewing the Plaintiff's first set interrogatory answers and response to the Defendants' requests for documents, and 0.6 hour claimed by Attorney Rienecker for reviewing the Plaintiff's first, second, and third supplemental discovery responses.

The Defendants' attorneys also expended 16.2 hours conferring with Plaintiff's counsel regarding the Plaintiff's initial disclosures under Rule 26 of the Federal Rules of Civil Procedure, the Defendants' Motion to Compel, the Defendants' Motion for Sanctions, and a motion to compel by the Plaintiff that ultimately was not filed. [See id. at 1-4, 14, 17, 23, 25, 27, 30, 33-34, 38 (entries of 4/1/21, 4/7/21-4/8/21, 4/12/21-4/13/21, 5/13/21-5/14/21, 5/25/21, 6/17/21, 6/29/21, 7/6/21, 7/28/21, 8/6/21, 8/9/21, 8/11/21, 8/17/21, 9/15/21)]. The timesheets reflect that Attorney Rienecker expended over 90 percent of the hours claimed for conferring with the Plaintiff's counsel. [See id. at 1-4, 14, 17, 23, 25, 27, 30, 33, 38 (entries of 4/1/21, 4/7/21, 4/12/21-4/13/21, 5/13/21, 5/25/21, 6/17/21, 6/29/21, 7/6/21, 7/28/21, 8/6/21, 8/9/21, 9/15/21)]. Although the parties' dispute regarding discovery was contentious, the scope of potential discovery in this matter was relatively limited, and the issues raised were not so complex as to require extensive discussion among counsel. Accordingly, the Court finds the amount of time spent conferring with Plaintiff's counsel to be excessive, and the Court will deduct 10.2 hours from the time claimed by Attorney Rienecker.

### 2. Novelty and Difficulty of the Legal Issue

The legal issues involved in the Defendants' Motion to Compel and Motion for Sanctions were not particularly difficult or novel but rather a

14

straight forward application of the Federal Rules of Civil Procedure. This factor, therefore, weighs against the reasonableness of the requested fee award.

### 3. Skill Required to Properly Perform the Legal Services

The questions presented by the Defendants' Motion to Compel and Motion for Sanctions should not have been particularly challenging for an experienced attorney. Nevertheless, the Plaintiff's unwillingness to respond to basic discovery requests in this matter forced the Defendants' attorneys to spend time and effort in prosecuting the Motion to Compel and Motion for Sanctions. As such, this factor weighs neither in favor nor against the reasonableness of the requested fee award.

### 4. Opportunity Costs of Litigation

Under the relevant factors, an attorney's "opportunity costs include the higher rates they would have otherwise charged in other cases and projects." Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC, 747 F. Supp. 2d 568, 596 (W.D.N.C. 2010). Here, if the Defendants' attorneys had not expended time in pursuit of requested discovery responses and medical documents from the Plaintiff, counsel would have had time to commit to other litigation matters. Accordingly, this factor weighs in favor of the reasonableness of the requested fee award.

## 5. Customary Fee for Similar Work

As the Fourth Circuit has recognized:

> Determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (citing Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)). In addition to consideration of specific evidence regarding the prevailing market rate, the Court may rely upon its own knowledge and experience of the relevant market in determining a reasonable rate. See Rum Creek Coal, 31 F.3d at 179 ("[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate.").

In support of their Motion for Attorney's Fees, the Defendants have submitted timesheets of fees incurred during their discovery dispute with the Plaintiff, including fees incurred for the preparation of Defendants' Motion to Compel and Motion for Sanctions. [Doc. 47-1]. From the timesheets

16

submitted by the Defendants, the Court is able to calculate the following hourly rates charged by the Defendants' attorneys: Charles Stephen Setliff, $210/hr; E. Jason S. Mackey, $210/hr; Allison Faith Rienecker, $175/hr; "KTS," $175/hr; and "CWH," $100/hr. [See id.]. Based on the Court's knowledge and experience, the hourly rates charged by the Defendants' attorneys are reasonable for this type of work in this market. Accordingly, this factor weighs in favor of the reasonableness of the requested fee award.

### 6. Amount Involved and Results Obtained

As noted by the Supreme Court, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L.Ed.2d 494 (1992) (quoting Hensley, 461 U.S. at 436)).

Here, the Defendants partially prevailed in prosecuting their Motion to Compel. [See Doc. 28]. The Magistrate Judge ordered the Plaintiff to produce her medical records and supplemental discovery responses but denied without prejudice the Defendants' request that the Plaintiff be barred from using documents that she failed to produce in discovery to prosecute her action. [Id.]. However, the Defendants were unsuccessful in prosecuting their Motion for Sanctions, and the Court denied the Defendants' request to impose sanctions on the Plaintiff. [Doc. 46]. Although the Defendants did

17

not prevail in obtaining the relief requested in their Motion for Sanctions, the Court did <u>not</u> conclude that the conduct of Plaintiff's counsel was unsanctionable. To the contrary, the Court explained that "[d]espite the failure of Plaintiff's counsel to meet discovery deadlines in this case, *the Court will not punish the Plaintiff for the behavior of her attorney*." [<u>Id.</u> at 10] (emphasis added). Accordingly, while the Defendants did not prevail on both their Motion to Compel and Motion for Sanctions, the Court concludes that this factor weighs neither in favor nor against the reasonableness of the requested fee award.

## IV. CONCLUSION

After consideration of the deductions outlined above, the Court will order the Plaintiff to pay the following amount as an award of reasonable fees upon the refiling of this action:

11.2 attorney hours[3] x $210 =     $2,352.00

34.1 attorney hours[4] x $175 =     $5,967.50

---

[3] This figure is arrived at by adding the reasonable number of hours of work performed by Attorney Setliff (8.6 hours) and Attorney Mackey (2.6 hours).

[4] This figure is arrived at by adding the reasonable number of hours of work performed by Attorney Rienecker (31.3 hours) and Attorney "KTS" (2.8 hours).

2.3 attorney hours[5] x $100 =     $230.00

**Total:**                          **$8,549.50**

# ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Attorney's Fees [Doc. 47] is **GRANTED**, and the Defendants are hereby awarded the amount of $8,549.50 in attorneys fees as costs in this action.

**IT IS SO ORDERED.**

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge

---

[5] This figure represents the reasonable number of hours of work performed by attorney "CWH."